**Rose JOHNSON, Appellant,**

v.

**Margaret HECKLER, Appellee.**

**No. 85–5206.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1985.

Decided Dec. 31, 1985.

As Modified March 10, 1986.

Ethel Schaen, St. Paul, Minn., for appellant.

Mimi H. Leahy, Asst. Regional Atty. of the Dept. of Health and Human Services, Chicago, Ill., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Rose Johnson appeals from the district court's dismissal of her petition for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1982), as untimely. We reverse and remand.

On December 14, 1984, the district court reversed the Secretary of Health and Human Services' denial of Johnson's claim for supplemental security income and remanded to the Secretary for calculation of benefits. On January 31, 1985, no appeal having been filed by the government, Johnson filed for attorney's fees under the EAJA. After the government objected on grounds of timeliness, the district court dismissed Johnson's petition. Before this court, the government does not contest the timeliness issue.

In *Feldpausch v. Heckler*, 763 F.2d 229 (6th Cir.1985), and *Massachusetts Union of Public Housing Tenants v. Pierce*, 755 F.2d 177 (D.C.Cir.1985), petitions for fees filed more than thirty days after judgment, but before the government's time for appeal had elapsed, were held to be timely. We cited these cases with approval in *Keasler v. United States*, 766 F.2d 1227 (8th Cir.1985).

Whether Johnson is entitled to an attorney's fee and all the issues arising from this request are for the district court to determine in the first instance.

We reverse the district court's order dismissing the petition for fees and remand to the district court for consideration of the issues arising from Johnson's petition for fees.