916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claudia M. GORDON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1206.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this action seeking Social Security disability benefits, plaintiff appeals the denial of her petition for attorney fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d). Because plaintiff did not timely file her petition for attorney fees under the Equal Access Statute, this action is dismissed for lack of subject matter jurisdiction.
 
 
 2
 Plaintiff filed the underlying action on September 26, 1983. On August 31, 1984, the administrative law judge found no disability despite evidence of obesity, depression and alcoholism. The Appeals Council affirmed. While the plaintiff's claim was pending review before the district court, the Social Security Administration issued revised regulations on the criteria for "Mental Disorders" on August 28, 1985. The case was sent back to the Secretary, where an administrative law judge recommended awarding benefits. The Appeals Council affirmed the decision on June 30, 1987. On August 24, 1987, the plaintiff petitioned the district court for attorney fees under 28 U.S.C. Sec. 2412(d)(1)(A). The petition was denied on November 24, 1989, on the grounds that the Secretary's position was reasonable and substantially justified. Plaintiff appeals from the district court's finding.
 
 
 3
 The threshold question for this Court is whether the district court had subject matter jurisdiction to hear the plaintiff's petition for attorney fees under 28 U.S.C. Sec. 2412(d)(1)(B) and 42 U.S.C. Sec. 405(g). Jurisdiction is foreclosed under the Equal Access to Justice Act if the prevailing party fails to file a fee petition within thirty days of final judgment on the merits. Ordinarily, the thirty day period begins to run at the conclusion of the sixty days provided by 42 U.S.C. Sec. 405 to allow a litigant an opportunity to seek district court review. However, where the Appeals Council grants benefits in full, nothing remains for the district court to review, thus precluding the application of the Sec. 405 sixty day term. See Melkonyan v. Heckler, 895 F.2d 556 (9th Cir.1990). Therefore, the issue for this Court is whether the decision of the Appeals Council to grant benefits rises to the level of a final judgment.
 
 
 4
 It is well established that "the term 'final judgment' means final and not appealable." Feldpausch v. Heckler, 763 F.2d 229, 232 (6th Cir.1985). The holding of the Appeals Council is not appealable by either the plaintiff or the Secretary. The plaintiff can not appeal because she was given full relief on the merits of her claim and does not contest the Council's findings. The Secretary is also precluded from appealing because the judgment of the Appeals Council is deemed to be the final decision of the Secretary; as a result, the Secretary lacks standing to challenge his own decision. Sullivan v. Hudson, --- U.S. ----, 109 S.Ct. 2248, 2252, 104 L.Ed.2d 941 (1989); see also Melkonyan v. Heckler, 895 F.2d at 559. Therefore, the decision of the Appeals Council to grant benefits on June 30, 1987, is in every sense a nonappealable final disposition on the merits. Accordingly, the plaintiff's fee filing on August 26, 1987, was not timely as it was filed more than thirty days after the Appeals Council judgment.
 
 
 5
 The Court may resolve this question, despite the Secretary's failure to raise the issue below, because our holdings have made clear that the thirty day filing requirement is jurisdictional, and, therefore, subject to review.
 
 
 6
 The thirty day time limitation contained in EAJA is not simply a statute of limitations. It is a jurisdictional prerequisite to governmental liability. ASH's failure to file in timely fashion deprives this court of subject matter jurisdiction to award fees.
 
 
 7
 The Equal Access to Justice Act significantly abridged the government's immunity from suits for attorney's fees. As a waiver of sovereign immunity, the Act must be strictly construed. Once the government agrees to allow such suits, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." Courts have consistently held that a statutory time limitation is an integral condition of the sovereign's consent. Compliance with that condition is a prerequisite to jurisdiction.... Because this is an issue involving subject matter jurisdiction, this court must satisfy itself of its own jurisdiction and that of the district court in the case under review without regard to whether the issue was preserved.
 
 
 8
 Allen v. Secretary of Health and Human Services, 781 F.2d 92, 94 (6th Cir.1986) quoting Action on Smoking and Health v. C.A.B., 724 F.2d 211, 225 (D.C.Cir.1984)).
 
 
 9
 Accordingly, the plaintiff's appeal is dismissed for lack of subject matter jurisdiction.