**Oliver BUCK, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

**No. 89–4130.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 20, 1990.

Decided Jan. 18, 1991.

---

James Roy Williams (argued), Young & Reverman Co., Cincinnati, Ohio, for plaintiff-appellant.

Anne K. Kleinman (argued), Dept. of Health and Human Services, Office of Gen. Counsel, Region V, Chicago, Ill., Nicholas J. Pantel, Asst. U.S. Atty., Office of U.S. Atty., Cincinnati, Ohio, Joseph E. Kane, Asst. U.S. Atty., Office of U.S. Atty., Columbus, Ohio, for defendant-appellee.

Before KEITH and MILBURN, Circuit Judges, and ZATKOFF, District Judge.[*]

KEITH, Circuit Judge.

Plaintiff Oliver Buck ("Buck") appeals from the district court's order of October 30, 1989, denying his motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in this social security case. For the reasons set forth below, we find that the district court lacked subject matter jurisdiction. We therefore VACATE the district court's decision and DISMISS for lack of subject matter jurisdiction.

I.

On July 25, 1985, Buck filed an application for disability insurance benefits and supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a. Buck alleged that he became disabled on January 2, 1973, due to shortness of breath, chest and back pains. A hearing was held on July 30, 1986, before Administrative Law Judge ("ALJ") Edward Tiley. At the hearing, Buck withdrew his application for disability and disability insurance benefits admitting that the evidence did not establish that he became disabled prior to June 30, 1979. He proceeded

[*] The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

with his SSI claim. On August 26, 1986, ALJ Tiley found that Buck was not entitled to SSI benefits because he retained the residual functional capacity to perform his past relevant work. Buck requested review by the Appeals Council. *See* 20 C.F.R. § 404.967. On March 11, 1987, the Appeals Council found that Buck was incapable of performing his past job, but was not disabled because there existed a significant number of light level jobs that accommodated his capacities.

On April 2, 1987, Buck filed a civil action for judicial review in the federal district court pursuant to 42 U.S.C. § 1383(c)(3). The case was referred to Magistrate J. Vincent Aug. On November 16, 1987, Magistrate Aug recommended that the district court uphold the Secretary's residual functional capacity determination, but proposed that the case be remanded to obtain vocational expert testimony. On January 19, 1988, Chief Judge Rubin adopted the Magistrate's Report and Recommendation and remanded the case to the Secretary.

A supplemental hearing was held on August 15, 1988, before ALJ Tiley. ALJ Tiley issued a decision finding that Buck was not disabled because there existed a significant number of medium level jobs in the national economy that accommodated him. The Appeals Council granted Buck's request for review, and on January 27, 1989, remanded the case to ALJ George Spidel.

ALJ Spidel held a supplemental hearing on April 27, 1989. At the hearing, Buck amended his alleged onset date of disability to January 1, 1988. Relying on evidence that Buck's condition had deteriorated in February 1988, ALJ Spidel issued a recommended decision on July 13, 1989, finding that Buck became disabled on January 1, 1988. On July 31, 1989, the Appeals Council adopted ALJ Spidel's findings and conclusions of law. This decision was fully favorable to Buck and became the Secretary's final decision.

On August 15, 1989, the Secretary sent claimant a copy of the Appeals Council decision, a Notice of Filing Decision on Remand, and a certificate of service dated August 15. Buck apparently had already received a copy of the Appeals Council decision by August 4, 1989. Joint Appendix at 39 (time sheets of James Roy Williams, attorney for Buck, attached as an appendix to Plaintiff's Motion for Attorney Fees). On August 17, 1989, the Secretary filed a Notice of Filing Decision on Remand with the district court. The district court did not enter judgment on the Secretary's final decision. On September 14, 1989, Buck filed a motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), and a motion to compel the Secretary to file a transcript of the proceedings on remand. Chief Judge Rubin held that the Secretary's original decision was not supported by substantial evidence but that his litigation position had been substantially justified, and denied both requests on October 30, 1989. Buck filed a timely notice of appeal on December 18, 1989.

## II.

The EAJA imposes a time limit on application for attorney fees requiring that an application be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). This time limit is jurisdictional. *Allen v. Secretary of Health & Human Servs.*, 781 F.2d 92, 94 (6th Cir. 1986). Whether the district court possessed subject matter jurisdiction to review Buck's EAJA petition involves a question of law which is reviewable *de novo. See Feldpausch v. Heckler*, 763 F.2d 229, 230 (6th Cir.1985).

Jurisdiction in this case hinges on what constitutes a final judgment for the purpose of triggering the thirty day time period to apply for EAJA fees in a case where the Secretary issues a decision fully favorable to the claimant on remand. If such a favorable decision is final, then Buck's application was untimely.

A "final judgment" is defined as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G); *Feldpausch*, 763 F.2d at 232. In the present case, the Secretary issued a decision on remand that was fully favorable to Buck. The Secretary's

final decision was issued by the Appeals Council on July 31, 1989. *See* 20 C.F.R. § 416.1484 (Appeals Council decision is the final decision of the Secretary). Buck did not file his application for fees under the EAJA until forty-five days later on September 14, 1989.

### A.

In support of his contention that his fee application was timely and therefore subject matter jurisdiction existed, Buck first argues that a Stipulation of Dismissal was sent to the court and claimant by the Secretary and that Buck's motion for EAJA fees was filed within thirty days of the Secretary's stipulation. This stipulation was apparently neither signed by the claimant nor entered by the court.[1] The Secretary did file a Notice of Filing Decision on Remand on August 17, 1989, the date claimant asserts the stipulation was filed.[2] Joint Appendix at 2, 7. Claimant argues that therefore this case is still open, citing *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983). Reply brief at 1. In the alternative, claimant implies that the asserted filing of the unsigned stipulation would be a final judgment, since he argues that counting from the purported date of filing, he was timely. *Id.* at 1–2.

The Secretary argues that the final decision of the Secretary on remand from the district court, which was issued by the Appeals Council on July 31, 1989, is the final judgment on the merits of this claim and that Buck failed to file for attorney fees within thirty days from that decision.

 We conclude that the Secretary's decision on remand in favor of Buck was a final and nonappealable decision. It thus constituted a "final judgment" within the meaning of 28 U.S.C. § 2412(d)(2)(G) and triggered the thirty day period for petitioning for fees under the EAJA. Neither

party could appeal that decision. The Secretary is not statutorily permitted to appeal such decisions. Section 405(g) entitles only an "individual," and not the Secretary, to appeal the Secretary's decision. *Melkonyan v. Heckler*, 895 F.2d 556, 558 (9th Cir.1990); *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir.1978). The claimant has no standing to appeal a fully favorable decision. *See Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (stating that "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.")

In cases where the Secretary issues a final decision that is partially favorable to the claimant, the claimant may seek judicial review pursuant to 42 U.S.C. § 405(g). If the claimant fails to seek judicial review, the decision becomes "final and unappealable" after the sixty-five days for seeking judicial review have passed. *See* 20 C.F.R. §§ 416.1401, .1481, .1483. In cases where, as here, the Secretary issues a decision that is fully favorable to the claimant, the claimant cannot seek judicial review. If the individual has fully prevailed on his or her claim, he or she has no standing to appeal because he or she has received all the relief sought, leaving no case or controversy. As discussed above, the Secretary cannot appeal because he is not an "individual." The Supreme Court noted in *Sullivan v. Finkelstein*, —— U.S. ——, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), that "there would be grave doubt ... whether [the Secretary] could appeal his own order" awarding benefits on remand. *Id.*, 110 S.Ct. at 2664. Therefore, the Secretary's decision in such a case is final and not appealable as soon as he issues it. Thus, the issue is whether the unappealable decision rendered by the

---

1. The stipulation was never signed by or for claimant Buck. Reply Brief at 1. It is unclear whether the unsigned stipulation was submitted to the court. The copy included in the Joint Appendix does not bear the stamp of the clerk of the court and the stipulation is not entered on the docket sheet. Joint Appendix at 2, 6.

2. The certificate of service on the Notice of Filing Decision on Remand indicates that a copy of the Appeals Council decision was mailed to Buck on August 15, 1989. As noted in section I of this opinion, however, Buck had apparently already received timely notice of the decision by August 4, 1989, four days after the decision.

Secretary is a judgment under 28 U.S.C. § 2412(d)(2)(G).

This issue was recently decided by the Ninth Circuit in *Melkonyan v. Heckler*, 895 F.2d 556 (9th Cir.1990). In *Melkonyan* the district court had remanded the case to the Secretary for further administrative proceedings. After completing the proceedings on remand, the Secretary issued a decision that was fully favorable to the claimant. The Secretary did not file this new decision or the transcript of the remand proceedings with the district court. The district court did not enter judgment on the Secretary's final decision. The claimant applied for fees under the EAJA more than thirty days after the Secretary issued his decision on remand. The Ninth Circuit held that the claimant's EAJA petition was not timely filed because it was not filed within thirty days of the Secretary's final and unappealable decision. *Id.* at 559.

In determining whether the district court had subject matter jurisdiction to review the claimant's EAJA petition, the Ninth Circuit phrased the issue as "[i]f the remand order lacks finality, and there is no subsequent district court order, what event triggers the thirty day time limit prescribed by 28 U.S.C. § 2412(d)(1)(B)?" *Id.* at 558. Two alternatives were considered: (1) either the claimant's time to file for fees under the EAJA never runs out; or (2) following remand, the Secretary's final and unappealable decision in the claimant's favor triggers the thirty day time limit. The second solution was applied in *Melkonyan*, and we adopt the same approach here.

We find the premises of the question posed by the court in *Melkonyan* to be

correct. Remand is not the final judgment for EAJA purposes. *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989) (stating that "for purposes of the EAJA, final judgment ... [is] often completely dependent on the successful completion of the remand proceedings before the Secretary"). If remand were final judgment, the rule would require an application for fees before it was known whether the claimant was a prevailing party. It is well established that achieving a remand is not prevailing on the merits. *Hudson*, 109 S.Ct. at 2255. The Supreme Court held that the post remand proceedings were part of the civil action for the purpose of computing EAJA fees. *Id.*

Establishing the second premise of the *Melkonyan* decision, there was no district court order subsequent to the remand in Buck's case and one is not necessary. Whether there will be a subsequent district court order depends upon: (1) the type of remand; and (2) whether the district court chooses to retain jurisdiction to monitor remand.[3]

In *Finkelstein*, the Supreme Court analyzed § 405(g) in the course of determining whether an order of remand could be a final order for purposes of appeal to the courts of appeals under 28 U.S.C. § 1291. The Supreme Court found that § 405(g) was to be parsed by sentence, and that the procedural requirements listed in the sixth and seventh sentences, which include filing with the court a transcript and any decisions by the Secretary on remand, applied to remands described in only the sixth sentence. *Finkelstein*, 110 S.Ct. at 2664–65.[4]

---

**3.** This jurisdiction is retained from the original civil case in district court on the merits of a disability claim and is distinct from the jurisdiction of the EAJA claim which requires a timely filing after final judgment in the case on the merits. *Hudson*, 109 S.Ct. at 2254.

**4.** With sentence numbers added, 42 U.S.C. § 405(g) provides in pertinent part:

■ Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by civil action commenced within sixty days after the mailing to him of notice of such decision or within such further

time as the Secretary may allow. [2] Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or.... [3] As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the finding and decision complained of are based. [4] The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. [5] The findings of the Secretary as to any fact, if supported by substantial evidence, shall be

A "sixth sentence remand" occurs only where the remand is for new evidence that was previously unavailable, along with several other restrictions. *Id.* at 2664.

In the instant case, the district court order was a fourth sentence remand instead of a sixth sentence remand. The remand was for a rehearing to obtain testimony from a vocational expert, not for new evidence not available at the original hearing; nor was it on the Secretary's motion. Thus, the Secretary had no obligation to file with the court a decision for approval and there was no need for any decision after the Secretary's.

The Supreme Court indicated in *Hudson* that although a district court may retain jurisdiction on a remand, it does not necessarily do so. *Id.*, 109 S.Ct. at 2254 (stating that "[i]n *many* [not all] remand situations, the court will retain jurisdiction....") (emphasis added). The Court further implied that not all courts would retain jurisdiction on remands when it stated *"where* a court orders a remand to the Secretary in a bene-

fits litigation and retains continuing jurisdiction over the case pending a decision from the secretary which will determine the claimants entitlement to benefits ... attorney fees for representation on remand are available...." *Id.* at 2258 (emphasis added). The Supreme Court has created some confusion as to when a court is 'retaining jurisdiction'. The Court has conflated into the term the concept of the power to hear a case again and the discretionary choice to do so. These concepts were distinguished at one point in *Hudson* where the Court said that "the remanding court continues to retain jurisdiction over the action within the meaning of the EAJA, and may exercise that jurisdiction to determine if its legal instructions on remand have been followed by the Secretary." *Id.* at 2255. Apparently, the remanding court always "retains jurisdiction" in the sense that it has the legal power to decide remaining issues in the case, but it may choose not to exercise that power.[5]

conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. [6] The court may, on motion of the Secretary made for good cause shown before he file his answer, remand the case to the Secretary for further action by the Secretary and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decisions, or both, and shall file with the court any such additional and modified findings of fact and decision, and transcript of the additional record and testimony upon which his action in modifying or affirming was based. [7] Such additional or modified findings of fact and decisions shall be reviewable only to the extent provided for review of the original findings of fact and decision. [8] The judgment of the court shall be final except that it shall be subject to review in the

same manner as a judgment in other civil actions....

**5.** The Eleventh Circuit in a recent opinion, *Myers v. Sullivan*, 916 F.2d 659 (11th Cir.1990), indicated that the Secretary's position that the Secretary's decision on remand could be the final judgment which starts the clock running was contrary to *Hudson*. *Id.* at 679 n. 20. As discussed in the text accompanying this note, however, careful examination of *Hudson* indicates that it does contemplate cases in which jurisdiction will not be retained by the remanding court, in the sense that it will choose not to exercise the power to rule again on the case after the Secretary has reached a decision on remand.

The cases relied on by *Myers* and those in *Hudson* for the proposition that the remanding court retains jurisdiction and that the remand order was not final are not controlling. The Third Circuit in *Brown v. Secretary of Health & Human Servs.*, 747 F.2d 878 (3d Cir.1984), noted that "once the claimant is awarded benefits by the Secretary, it is 'unlikely that the case will return to the court (and thus) it is likely that the plaintiff will not have another opportunity to petition ... for fees.'" *Id.* at 884 (quoting *Ceglia v. Schweiker*, 566 F.Supp. 118, 122 n. 3 (E.D. N.Y.1983)). In *Brown*, the positions of the parties were the reverse of those presented in the instant case. In *Brown*, the Secretary argued that he had to return to the remanding court to get his administrative decision approved while

Buck relies heavily on *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), which predates the 1985 amendments to the EAJA, for the necessity of a post-remand district court order. In *Guthrie* the court held that a district court order after the Secretary makes required post-remand filings constitutes "final judgment" triggering the thirty day period. The Fourth Circuit assumed that final judgment meant the type of judgment provided under Fed. R.Civ.P. 54, a judgment which could be entered only by a court. *Guthrie*, 718 F.2d at 106; *Melkonyan*, 895 F.2d at 559. Under Rule 54, however, a final order is one "from which an appeal lies." This holding predates the amendments to the definition of final judgment in the EAJA which is now expressly defined in the act for the first time and defines it contrary to Rule 54 as a judgment which is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). As the *Melkonyan* court noted, the only reason to believe the revised statute limits the meaning of judgment to a judgment issued by a court is the use of the term judgment. *Melkonyan*, 895 F.2d at 559.

In cases where jurisdiction was not retained, i.e. exercised, either there would be no judgment triggering the time limit to apply for fees or the Secretary's judgment must be that trigger. This incongruity convinces us that the analysis of the *Melkonyan* court providing a broader definition for judgment is more persuasive than that of the *Guthrie* court. Buck relies on *Hudson's* citation of *Guthrie* for the proposition that the Supreme Court adopted the *Guthrie* court's interpretation even as to the amended version of the EAJA. Reply Brief at 3. *Guthrie* is cited in *Hudson*, however, only for the proposition that "there will often be no final judgment in a claimants civil action for judicial review until the administrative proceedings on remand are complete." *Hudson*, 109 S.Ct. at 2255.

Buck cites a House Judiciary Report on the 1985 amendments to the EAJA, H.R. Rep. No. 120, 99th Cong., 1st Sess. 19

the claimant argued that the return procedure was used only upon a certain type of remand. *Id.* at 884. The Third Circuit did not conclude that the Secretary had the better statutory interpretation. Rather, the court concluded that it would take the Secretary at his word that he would return to the remanding court for a confirmation of his decisions, and thus the remanding court could leave until then determination of attorney fees. Thus was created the Third Circuit requirement that the remanding court retain jurisdiction to have the Secretary provide its decision for court approval and make itself available then to a ruling on attorney fees.

In *Taylor v. Heckler*, 778 F.2d 674 (11th Cir. 1985), the court noted that if a claimant received a favorable decision on remand, further resort to the district court would be unnecessary. It further noted that if the claimant was not successful, he could bring a new action. Thus there was no apparent reason for the district court to retain jurisdiction. *Id.* at 676. The Eleventh Circuit noted in *Taylor* the distinction in sentences of § 405(g) which the Supreme Court later focused on in *Finkelstein*. The Eleventh Circuit concluded that Congress did not intend for remanding courts to retain jurisdiction in fourth sentence remands since § 405 explicitly provided for retention for sentence six remands. *Id.* at 677. Thus the bulk of the *Taylor* court's reasoning indicated that the courts would often not retain jurisdiction. Despite this reasoning, *Taylor* held that jurisdiction was automatically retained, however, but

only because it determined that Eleventh Circuit precedent required it to reach that conclusion. The Eleventh Circuit in reading a similar statute had held that all of the remand orders were interlocutory and nonappealable, *Id.*—the very conclusion rejected by *Finkelstein*, 110 S.Ct. at 2666. The court noted in a footnote that by operation of law, a district court retains jurisdiction after an interlocutory order. *Taylor*, 778 F.2d at 677 n. 2.

*Myers* accepts arguendo that *Finkelstein* indicates that at least under fourth sentence remands, where the remand decision is appealable, the remanding court need not revisit the case. *Myers*, 916 F.2d at 677. Contrary to the implications in *Myers, Id.* at 679 n. 20, the *Finkelstein* Court holding that the remand decision was appealable and that the remanding court was not required to revisit the case under § 405(g) does not mean that the remand decision in the final judgment for the purposes of beginning the clock for filing an EAJA application. The Supreme Court in *Finkelstein* explicitly distinguished its decision in *Hudson*. The *Finkelstein* Court said that its holding in *Hudson* was that the proceedings on remand were part of the civil action for purposes of determining the award of EAJA fees. It held that its finding in *Hudson* that a remand order was not a final decision was limited to the EAJA context and therefore was not at odds with its finding that in *Finkelstein* the remand order was final in the sense that a party could appeal from it. *Finkelstein*, 110 S.Ct. at 2666.

(1985), *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 148, which in turn cited *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), for the proposition that an agency decision after remand does not constitute a final judgment. We find Buck's reliance on subsequent legislative history unpersuasive. Subsequent legislative history generally deserves only limited weight. *United States v. Price*, 361 U.S. 304, 313, 80 S.Ct. 326, 331, 4 L.Ed.2d 334 (1960); *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 118 n. 13, 100 S.Ct. 2051, 2061 n. 13, 64 L.Ed.2d 766 (1980).

The *Finkelstein* Court also called into question the relevance of the House Judiciary Report on amendments to the EAJA because of its reliance on *Guthrie*. The *Finkelstein* Court noted that *Guthrie* was probably a sixth sentence remand. *Finkelstein*, 110 S.Ct. at 2665 n. 8. Thus the discussions in *Guthrie* of when finality occurs in the course of a remanded claim would not apply to the case of a fourth sentence remand like the one presented in the instant case.

Similarly, Buck argues a requirement in § 405(g) that the Secretary file a transcript with the district court indicates a lack of finality of the Secretary's decision. Buck argues that this filing requirement indicates that there should be a district court order to serve as the trigger commencing the thirty day time limit. Reply Brief at 2. Because this requirement does not apply to a fourth sentence remand, reliance on the filing requirement is unfounded. The unreasonableness of interpreting the act to provide that the time limit never begins to run where the claimant is fully successful convinces us that the preferred interpretation is that the word judgment includes a decision of the Secretary.

In *Feldpausch v. Heckler*, 763 F.2d 229, 230 (6th Cir.1985), we addressed the issue whether the claimant's application for attorney fees, filed more than thirty days after the district court's judgment but within thirty days of the expiration of the time to appeal, was timely filed. Analyzing the split among the circuits, we held

that "[t]he EAJA allows a prevailing party to file a fee petition within thirty days of the final disposition of a case on the merits, i.e. when a party's right to appeal the order has lapsed." *Id.* at 232; *Allen v. Secretary of Health & Human Servs.*, 781 F.2d 92, 94 (6th Cir.1986) (quoting *Taylor v. United States*, 749 F.2d 171, 173–74 (3d Cir.1984)). A decision fully favorable to claimant is one from which no one has a right to appeal and therefore the time to do so is none. The thirty days begins upon the Appeals Council decision. Our decision in *Feldpausch* supports the holding that if the Secretary issues a fully favorable decision for the claimant on remand, that decision (being both final and unappealable) is a "final judgment" within the meaning of EAJA.

### III.

Where an Appeals Council decision is fully favorable to a claimant, neither party can appeal. We, therefore, hold that where the Appeals Council issues a decision completely favorable to the claimant on remand from a district court and where the court has not chosen to retain jurisdiction to monitor the remand, that decision is a final judgment which begins the thirty days in which claimant must file an application for attorney fees under the EAJA. Appellant failed to file within thirty days from the Appeals Council decision, thus depriving the district court of jurisdiction to hear the application for fees. For the foregoing reasons, we VACATE the district court's judgment and DISMISS for lack of subject matter jurisdiction.