Thomas E. **PETERS,**
Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant–Appellee.

No. 90–5997.

United States Court of Appeals, Sixth Circuit.

Argued March 25, 1991.
Decided May 8, 1991.

H. Edward O'Daniel, Jr. (argued), O'Daniel, Mattingly & Simms, Springfield, Ky., for plaintiff-appellant.

Joseph M. Whittle, U.S. Atty., John L. Caudill, Asst. U.S. Atty., Louisville, Ky., Howard H. Lewis (argued), Bruce Granger, Mack A. Davis, Mary Ann Sloan, Holly A. Grimes, Dept. of Health and Human Services, Office of Gen. Counsel, Atlanta, Ga., for defendant-appellee.

Before KENNEDY and RYAN, Circuit Judges, and FEIKENS, Senior District Judge.[*]

PER CURIAM.

Plaintiff appeals from the District Court's denial of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the following reasons, we DISMISS this action for want of jurisdiction.

On April 7, 1986, plaintiff filed an application for disability insurance benefits. An administrative law judge ("ALJ") found that plaintiff was not disabled and denied plaintiff's request. Plaintiff sought review by the Appeals Council which was denied. Thereafter, plaintiff appealed to the District Court. A magistrate recommended that the case be remanded because the Secretary's decision was not supported by substantial evidence. The District Court adopted the magistrate's report and recommendation.

On remand, an ALJ issued a decision on October 20, 1989, finding that plaintiff was entitled to a period of disability. The Social Security Administration issued plaintiff a Certificate of Award, dated December 19, 1989. Joint App. at 13–14 (Memorandum Opinion of District Court). Thereafter, the Secretary moved to dismiss the action before the District Court on the grounds that it was settled and moot. The District Court denied this motion on January 31, 1990, because plaintiff intended to file a motion for attorney's fees under the EAJA. Some time after January 31, 1990, plaintiff filed a motion for attorney's fees under the EAJA. *Id.* at 14. The District Court affirmed the Secretary's decision, but denied plaintiff's request for attorney's fees. Plaintiff then filed this appeal.

The EAJA requires that an application for attorney's fees be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). This time limit is jurisdictional, concerns a question of law, and is therefore subject to *de novo* review. *Buck v. Secretary of Health and Human Servs.*, 923 F.2d 1200 (6th Cir. 1991). For purposes of the EAJA's filing requirements, a "final judgment" is " 'a judgment that is final and not appealable, and includes an order of settlement.' " *Id.* at 1202 (quoting *Feldpausch v. Heckler*, 763 F.2d 229, 232 (6th Cir.1985)); 28 U.S.C. § 2412(d)(2)(G). We have held previously that the Secretary's decision on remand is a "final judgment" for purposes of the EAJA's filing requirements when two requirements are met: 1) the Secretary's de-

* The Honorable John Feikens, United States District Court for the Eastern District of Michigan, sitting by designation.

cision is completely favorable to plaintiff; and 2) the district court does not retain jurisdiction upon remand in order to monitor the remand. *See id.* at 1203.

■  In the instant case, the District Court remanded the case based on the fourth sentence of 42 U.S.C. § 405(g) which does not require a district court to monitor the remand. *See id.* at 1204–05 n. 4.  Nor did the District Court choose to retain jurisdiction and monitor the remand.  On remand, the Secretary issued a decision completely in favor of plaintiff which, for purposes of the EAJA, was a final and nonappealable judgment.  Plaintiff did not file his claim for attorney's fees under the EAJA until after January 31, 1990, more than 30 days after the ALJ rendered its judgment.  The District Court therefore lacked jurisdiction to hear this claim because plaintiff's claim was not timely filed.  Accordingly, we DISMISS this case for lack of jurisdiction.