956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dionisio MARQUEZ, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3703.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Dionisio Marquez is a successful social security disability claimant, who appeals the denial of his application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d). The case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Marquez was first awarded disability benefits in 1974. However, the Secretary subsequently reevaluated Marquez's claim and found that his disability had ended in February of 1982. Marquez challenged this determination in federal district court. The court granted the Secretary's motion for a remand because the tapes of Marquez's administrative hearing were inaudible. The Secretary then reevaluated Marquez's claim under a medical improvement standard and, on January 7, 1987, Marquez was advised that his disability had been continued.
 
 
 4
 On June 9, 1987, Marquez moved the district court for the entry of a final judgment and for an award under the EAJA. A magistrate recommended that fees and expenses be awarded in a reduced amount. However, on February 20, 1991, the district court denied the application after finding that it was untimely. The court also denied Marquez's motion to alter or amend its judgment and his motion for relief from judgment. Marquez now appeals.
 
 
 5
 The district court relied on a Ninth Circuit case to find that Marquez's EAJA application was untimely. See Melkonyan v. Heckler, 895 F.2d 556 (9th Cir.1990), vacated, 111 S.Ct. 2157 (1991). The circuit court's opinion in Melkonyan held that social security claimants must file their EAJA applications within 30 days of an Appeals Council decision awarding them benefits. Id. at 559. However, the Supreme Court reversed, holding that a new administrative decision was not sufficient to trigger the 30 day filing period from a final judgment under the EAJA. Melkonyan v. Sullivan, 111 S.Ct. 2157, 2162 (1991). "Congress' use of 'judgment' in 28 U.S.C. § 2412 refers to judgments entered by a court of law, and does not encompass decisions rendered by an administrative agency." Id. (emphasis in the original).
 
 
 6
 The Secretary concedes that he sought the remand of Marquez's case pursuant to sentence six of 42 U.S.C. § 405(g), which directs the courts to remand social security cases if the Secretary so moves before filing an answer. "In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." Id. at 2165; see also Buck v. Secretary of Health and Human Services, 923 F.2d 1200, 1204-05 (6th Cir.1991). A final judgment has not been entered by the district court in Marquez's original case. Therefore, his EAJA application was not untimely.
 
 
 7
 The Secretary argues that Marquez was not a prevailing party as required by the EAJA. However, the Secretary did not file any objections to the magistrate's report, even though the magistrate expressly found that Marquez was a prevailing party. A party waives his right to appeal if he does not file timely objections to a magistrate's report. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Nevertheless, in the interest of justice, the present case will be remanded so that the parties' arguments can be considered in the first instance by the district court. Cf. Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987).
 
 
 8
 Accordingly, the district court's judgment is vacated and the case is remanded for the entry of a final judgment on Marquez's original complaint and for further proceedings on his application under the EAJA. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation