Diane SINGLETON, Plaintiff-Appellant,

v.

Kenneth APFEL, Defendant-Appellee.

No. 99-14088.

United States Court of Appeals,

Eleventh Circuit.

Oct. 26, 2000.

Appeal from the United States District Court for the Southern District of Georgia. (No. 94-00099-CV-BAE-4), B. Avant Edenfield, Judge.

Before COX, WILSON and GIBSON[*], Circuit Judges.

PER CURIAM:

*Background*

In April 1994, Diane Singleton and two other named plaintiffs filed suit challenging a policy of the Commissioner of Social Security on behalf of a proposed class of similarly situated individuals.[1] The policy involved offsetting retroactive Social Security disability benefits against retroactive Supplemental Security Income (SSI) benefits to avoid awarding double benefits to those eligible for both awards. Under the policy, the Commissioner would pay the retroactive benefits in random order. The random payment of the benefits adversely affected individuals in certain states, including the three states of this circuit. These states make Medicaid eligibility contingent upon receiving SSI benefits for the relevant month. Therefore, it was possible for an individual who randomly received Social Security disability benefits instead of SSI benefits to be declared ineligible for Medicaid in any given month. The plaintiffs's complaint alleged that they and a class of residents of Florida, Georgia and Alabama had been improperly denied Medicaid benefits as a result of the policy and demanded injunctive relief as well as retroactive benefits.

The Commissioner moved to dismiss the claim of each named plaintiff for lack of jurisdiction under 42 U.S.C. § 405(g). The district court granted the motion as to the two other named plaintiffs, but denied it

---

[*]Honorable John R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

[1]The complaint named Donna Shalala in her capacity as Secretary of Health and Human Services. During the pendency of the action, the functions of the Secretary in Social Security cases were transferred to the Commissioner of Social Security. *See* Social Security Independence and Program Improvements Act of 1994, P.L. No. 103-296, 108 Stat. 1464 (1994). The Commissioner at the time of the change was Shirley S. Chater. She has since been replaced by Kenneth Apfel. For clarity we will use the single term "Commissioner" throughout.

as to Singleton. The Commissioner then filed his answer, informing the court that he had reversed the challenged policy and returned to the prior policy of paying SSI benefits first. Because the policy change had been made retroactive to cover those like Singleton, the Commissioner moved the district court to remand the case to the administrative level to determine the amount of retroactive benefits Singleton was due. In October 1996, the district court adopted the magistrate judge's report and recommendation, remanding Singleton's individual claim to the administrative level and declaring the class action moot.[2] Singleton appealed to this court. In her appeal, Singleton did not contest the remand of her individual claim. She did argue, however, that a remand should only occur after a class had been certified and that she should remain as a named plaintiff. This court affirmed the district court's judgment on January 6, 1998. *See Singleton v. Apfel,* No. 96-9501, 135 F.3d 144 (11th Cir. Jan. 6, 1998) (unpublished opinion).

On May 6, 1998, Singleton filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA). *See* 28 U.S.C. § 2412(d).[3] The Commissioner objected to the motion on several grounds. First, he argued that Singleton's motion failed to meet the jurisdictional requirements of § 2412(d)(1)(B), which sets forth the pleading requirements of an EAJA fee application. Second, the Commissioner contended that Singleton was ineligible for an award of fees because she was not a prevailing party and the government's position was substantially justified. Third, the Commissioner contested the amount of fees sought. The matter was referred to a magistrate judge, who recommended that Singleton be awarded fees, but in an amount less than Singleton sought.

The district court rejected the magistrate judge's report and recommendation, dismissing Singleton's application for lack of subject matter jurisdiction. The court did not, however, agree with the Commissioner that Singleton's application failed to meet the EAJA's pleading requirements. Instead, the court *sua sponte* raised the issue of whether Singleton's application was timely. The court found that Singleton should have filed her application within 90 days of the district court's order remanding her claim, not within 120 days of

---

[2]The court ordered its remand pursuant to sentence four of 42 U.S.C. § 405(g). The statute provides that a district court reviewing a final decision of the Commissioner may enter a judgment "affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[3]28 U.S.C. § 2412(d)(1)(A) provides, in part: "[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

this court's judgment on her appeal.[4]  Therefore, it determined that her application was untimely and that it lacked subject matter jurisdiction over the EAJA claim.  Singleton appeals.

## Issues on Appeal

The issues raised in this case are:  (1) Whether the district court erred in finding that Singleton's EAJA application was untimely;  and (2) Whether the application, if timely, otherwise failed to meet the jurisdictional requirements of § 2412(d)(1)(B).  We review questions of subject matter jurisdiction *de novo*. *See United States v. Perez,* 956 F.2d 1098, 1101 (11th Cir.1992).

## Discussion

In finding that Singleton's EAJA claim was untimely, the district court relied on the collateral order doctrine first elucidated by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).  In *Cohen,* the Court recognized a small class of judicial decisions which could be classified as "collateral orders" because they "finally determine claims of right separable from, and collateral to, rights asserted in the action." *Cohen,* 337 U.S. at 546, 69 S.Ct. 1221.  The Court concluded that, in some circumstances, these orders may be appealed before final judgment has been rendered.[5] *See id.*

In the instant case, the district court ordered a remand of Singleton's personal claim for past benefits to the administrative level and denied class certification.  Singleton agreed that she was owed benefits, but appealed the order, arguing that the remand should be delayed until a class could be certified and that she was still a proper class representative.  In deciding the timeliness of Singleton's EAJA application, the court first concluded that the class certification appeal was an issue collateral to Singleton's personal claim.  Essentially, the court applied the collateral order doctrine to sever the personal claim from the class certification issue.

---

[4]EAJA applications may be filed within 30 days of a judgment becoming "not appealable."  28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).  In civil cases to which a federal officer is a party the time for appeal ends 60 days after the entry of judgment. *See* Fed.R.App.P. 4(a).  Therefore, EAJA applications must generally be filed within 90 days of judgment being entered by a district court. *See Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).  In cases in which the final judgment has been rendered by a court of appeals, EAJA applications must be filed within 120 days of the day the court of appeals enters judgment. *See Myers v. Sullivan,* 916 F.2d 659, 671 (11th Cir.1990).  The difference is due to the longer 90 day time frame provided for litigants to file petitions for writs of certiorari to the Supreme Court. *See* 28 U.S.C. § 2101(c).  In this case, Singleton filed her application within 120 days of the day this court affirmed the district court's judgment.

[5]To fall within the exception, the challenged order must:  (1) conclusively determine the disputed question;  (2) resolve an important issue completely separate from the merits of the action;  (3) be effectively unreviewable on appeal from a final judgment. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc.,* 179 F.3d 1279, 1287 (11th Cir.1999).

Since Singleton did not contest the court's conclusion that she was entitled to a remand, the court then reasoned that the order was a final judgment on the personal claim. Therefore the court concluded that the time for filing an EAJA application began to run on the day the remand was ordered. Since Singleton instead filed her application after this court ruled on her appeal, the district court found the application was untimely. We disagree.

The question of whether the collateral order doctrine may be applied to require an interlocutory EAJA fee application is a question of first impression in this circuit. However, the former Fifth Circuit addressed the similar question of whether appeals from collateral orders are permissive or mandatory and concluded that parties are not required to take interlocutory appeals under the penalty of forfeiting the option of right of review from a final judgment. *See In re Chicken Antitrust Litigation, Etc.,* 669 F.2d 228, 236 (5th Cir. Unit B 1982); *see also Hunter v. Department of the Air Force Agency,* 846 F.2d 1314, 1317 (11th Cir.1988); *McIntosh v. Weinberger,* 810 F.2d 1411, 1431 n. 7 (8th Cir.1987); *Schwarz v. Folloder,* 767 F.2d 125, 129 n. 4 (5th Cir.1985); *Crowley v. Shultz,* 704 F.2d 1269, 1271 (D.C.Cir.1983); *U.S. v. Martin,* 620 F.2d 237, 239 n. 1 (10th Cir.1980); 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3911 (2d ed.1991).

We conclude that the same logic should be applied in the instant case. We have previously found that EAJA applications may, in some circumstances, be filed before a final judgment has been entered. *See Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1495-96 (11th Cir.1986) *vacated in part,* 804 F.2d 1573 (11th Cir.1986). Assuming that Singleton *could have* filed her EAJA claim at the time the district court ordered the remand of her personal claim, it still does not follow that Singleton was *required to* file her claim at that point. The collateral order doctrine is permissive, not mandatory. Just as courts cannot rely on the doctrine to require a litigant to file an interlocutory appeal, they cannot likewise employ the doctrine to require a litigant to file an EAJA fee application pending an appeal in the action out of which those fees arise. Because Singleton appealed the district court's decision, final judgment was not rendered until this court affirmed. Singleton filed her EAJA application within 120 days of final judgment. Therefore, the application was timely and the district court erred in concluding that it lacked subject matter jurisdiction over the application.

While the Commissioner concedes that Singleton's EAJA application was timely, he insists that it otherwise failed to meet the jurisdictional requirements of § 2412(d)(1)(B). There are four pleading

requirements established by § 2412(d)(1)(B): (1) the applicant must show that she is a "prevailing party"; (2) the applicant must demonstrate that she is eligible for an award by alleging that she is an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed;[6] (3) the applicant must provide an itemized statement from any attorney or expert representing or appearing on her behalf which states the actual time expended and the rate at which fees and other expenses were computed; (4) the applicant must allege that the position taken by the government at the administrative or trial level was not substantially justified. § 2412(d)(1)(B); § 2412(d)(2)(B).

The Commissioner contends that Singleton's application failed to allege that her net worth did not exceed $2,000,000 at the time she filed her complaint and failed to allege that the Commissioner's position in the district court was not substantially justified. The Commissioner also contends that incomplete EAJA applications may not be supplemented after the filing period. Because Singleton's application failed to meet the statutory requirements at the time it was filed, the Commissioner argues that the district court lacked subject matter jurisdiction over the EAJA claim. Singleton contends that her application met the statute's jurisdictional requirements and, alternatively, that a timely application can be supplemented to meet the statutory requirements. Because we find that timely EAJA fee applications may be supplemented to meet the requirements of § 2412(d)(1)(B), we need not reach the issue of whether Singleton's initial application was sufficient.

This court has held that a failure to file a timely EAJA application "precludes a district court from considering the merits" of the application. *Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir.1990). But, we have never addressed the question of whether a timely application that fails to meet the statutory pleading requirements also leaves a district court without subject matter jurisdiction. Two other circuits have directly addressed this issue and both concluded that an EAJA fee application filed within the statutory time limit may later be supplemented to meet the pleading requirements of § 2412(d)(1)(B). *See Bazalo v. West,* 150 F.3d 1380, 1383 (Fed.Cir.1998); *Dunn v. United States,* 775 F.2d 99 (3d Cir.1985); *see also Thomas v. Peterson,* 841 F.2d 332, 337 (9th Cir.1988) (remanding to allow applicants to establish that they were eligible for awards); *Olenhouse v. Commodity Credit Corp.,* 922 F.Supp. 489, 491 (D.Kan.1996) (allowing amendment to application absent showing of prejudice to government); *Federal Deposit Ins. Corp. v. Addison Airport*

---

[6]If the applicant is not an individual, the net worth cap is generally $7,000,000. *See* 28 U.S.C. § 2412(d)(2)(B).

*of Texas, Inc.,* 733 F.Supp. 1121, 1125 (N.D.Tex.1990) (amendments to timely filed EAJA applications proper); *City of Brunswick v. United States,* 661 F.Supp. 1431, 1439 (S.D.Ga.1987) (same), *rev'd on other grounds,* 849 F.2d 501 (11th Cir.1988). *But see Federal Deposit Ins. Corp. v. Fleischer,* No. 93-2062-JWL (D.Kan. Oct. 16, 1996) (amendments not permissible under statute); *United States v. Hopkins Dodge Sales, Inc.,* 707 F.Supp. 1078, 1080-81 (D.Minn.1989)(showing of eligibility is jurisdictional requirement).

In reviewing any statute which, like the EAJA, represents a partial waiver of sovereign immunity, courts must refrain from extending the waiver beyond the limits set by Congress. *See Ardestani v. I.N.S.,* 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991). However, we must also take care to not "assume the authority to narrow the waiver that Congress intended." *United States v. Kubrick,* 444 U.S. 111, 118, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). We agree with the Third Circuit that the "filing requirement" of § 2412(d)(1)(B), which mandates that applications be filed within a certain time period, must be distinguished from the "pleading requirements" of the statute. *Dunn,* 775 F.2d at 103. While it appears clear from the legislative history that Congress intended the filing requirement to be jurisdictional, it is far from apparent that Congress intended that "strict compliance with the pleading requirement[s] must be accomplished within the same time as filing." *Id.* Therefore we agree with the Third Circuit's decision in *Dunn* that the government's interests in finality and reliance are satisfied once a timely EAJA application has been filed. *See id.* at 104.

The EAJA was designed to eliminate the economic deterrents which cause those with valid claims against the government but few financial resources to avoid seeking relief in the courts. *See* H .R. REP. NO. 99-120, pt. 1, at 4 (1985), *reprinted in* 1985 U.S.C.C.A.N. at 132. Based on the stated purpose of Congress in enacting and extending the EAJA, we conclude that Congress did not intend the EAJA application process to be a high stakes gamble in which one pleading failure, such as neglecting to assert that one's net worth did not exceed $2,000,000 at the time the suit was filed, completely forecloses a litigant's opportunity for EAJA fees. Moreover, we agree with the *Dunn* court that barring amendments would encourage litigants to "demand the highest amount [of fees] and include the largest number of hours and items of expense they could dream up" in fee applications. *See Dunn,* 775 F.2d at 104. Such a result would not serve the interests of the government or the courts in quickly and fairly resolving fee disputes. Accordingly, we conclude that the Commissioner's view represents an undue narrowing of the waiver intended by Congress.

The Commissioner suggests that allowing amendments could lead to undue delay and waste of the

limited resources of the government and the courts. We are not unmindful of the potential burdens multiple amendments could place on the courts and the government. The interests of the government and the courts will be served, however, if district courts are empowered to order rapid completion of the application or outright deny a request to supplement if the government would be prejudiced.[7] Accordingly we adopt the rule established by the Third Circuit in *Dunn* and conclude that defects in the pleading requirements of § 2412(d)(1)(B) are not jurisdictional. Therefore, absent prejudice to the government or noncompliance with court orders for timely supplementation of the pleading requirements, courts may permit supplementation of timely EAJA fee applications.

## Conclusion

Because the district court erred in finding that Singleton's application was untimely, the district court's order is VACATED and the fee application is REMANDED for proceedings consistent with this opinion.

---

[7]In this case, the Commissioner has not demonstrated that Singleton's failure to note in her application that her net worth did not exceed $2,000,000 or that the government was not substantially justified in its position has prejudiced him in any way. As the Commissioner himself notes, the fact that Singleton is proceeding *in forma pauperis* leaves no doubt as to her eligibility for an award.