Randall C. SCARBOROUGH, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 00–7172.

United States Court of Appeals, Federal Circuit.

Dec. 10, 2001.

Peter J. Sarda, Wallace, Creech & Sarda, L.L.P., of Raleigh, NC, argued for claimant-appellant.

Joseph Trautwein, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David M. Cohen, Director; and Mark A. Melnick, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and Michelle Doses Bernstein, Attorney, Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge, RADER, and LINN, Circuit Judges.

LINN, Circuit Judge.

Randall C. Scarborough appeals from a dismissal by the United States Court of Appeals for Veterans Claims ("Court of

Veterans Claims") for lack of subject matter jurisdiction over his application for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1994). We hold that an application for attorney fees and expenses that does not include, prior to expiration of the thirty-day deadline, an allegation that the position of the United States was "not substantially justified" fails to meet the jurisdictional prerequisites of the EAJA statute. Because Scarborough's initial application failed to comply with the statute, and the Court of Veterans Claims correctly determined that it was without jurisdiction to consider his application, this court affirms.

## BACKGROUND

Upon prevailing in the underlying litigation, Scarborough submitted prematurely (before the entry of the mandate in his case) an application for attorney fees and expenses under the EAJA, 28 U.S.C. § 2412(d). On October 4, 1999, following the issuance of the mandate, the clerk filed Scarborough's EAJA application which stated that: (1) he was the prevailing party pursuant to the July 1999 remand order; (2) his net worth did not exceed the $2,000,000.00 limit for filing under the EAJA; (3) his attorney had represented him in the matter since August 1998; and (4) the attorney had incurred fees and expenses during his representation of the appellant, which were enumerated in an attachment to the application. On December 3, 1999, the Government filed a motion to dismiss the EAJA application for lack of subject matter jurisdiction. The Government argued that Scarborough had failed to satisfy the jurisdictional requirements under the EAJA statute because he did not allege in his EAJA application that the Governments position in the underlying litigation lacked substantial justification. Scarborough filed an amendment to his

EAJA application on December 9, 1999. In that amendment he alleged that the Government's position lacked substantial justification.

The Court of Veterans Claims examined the EAJA statute and held that it contains several jurisdictional requirements that must be met within the thirty-day filing period, including the requirement that the applicant allege that the Government's position is "not substantially justified." *See* 28 U.S.C. § 2412(d)(1)(B) (1994).

The Court of Veterans Claims then dismissed Scarborough's EAJA application for lack of subject matter jurisdiction because it found that Scarborough did not allege, within the thirty-day filing period, that the Governments position was not substantially justified. *Id.* Scarborough timely appealed to this court, and we have jurisdiction over the appeal pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

### A. Standard of Review

■ In reviewing decisions of the Court of Veterans Claims, this court "shall decide all relevant questions of law, including interpreting ... statutory provisions." 38 U.S.C. § 7292(d)(1) (Supp. V 1999). This court reviews an interpretation of statutory provisions by the Court of Veterans Claims without deference. *Jones v. Brown,* 41 F.3d 634, 637 (Fed.Cir.1994).

### B. Analysis

■ "The EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity." *Ardestani v. INS,* 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991). Such a waiver "must be strictly construed in favor of the United States,"

*id.,* and "not enlarged beyond what the language requires." *United States v. Nordic Vill.,* 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). Once the government provides the waiver, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

In this case, the terms of the waiver are contained in the EAJA statute. That statute specifies that an applicant for an award of fees "shall," within thirty days of final judgment in the action, submit an application:

> (1) showing that the applicant is a "prevailing party;"
>
> (2) showing that the applicant "is eligible to receive an award;"
>
> (3) showing "the amount sought," together with an itemization in support thereof; and
>
> (4) alleging that the position of the United States "was not substantially justified."

28 U.S.C. § 2412(d)(1)(B) (1994); *Singleton v. Apfel,* 231 F.3d 853, 857 (11th Cir. 2000). The specific provision of the EAJA at the heart of this case states that,

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses.... The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B) (1994) (emphasis added).

 In construing a statute, "the starting point in every case involving construction of a statute is the language itself." *Santa Fe Indus., Inc. v. Green,* 430 U.S. 462, 472, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). We first examine the language to determine the plain meaning of the words used by Congress. *Bazalo v. West,* 150 F.3d 1380, 1382 (Fed.Cir.1998). In the absence of a clearly expressed legislative intention to the contrary, the statutory language must ordinarily be regarded as conclusive. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). "If the statute is clear and unambiguous, that is the end of the matter, for the court ... must give effect to the unambiguously expressed intent of Congress." *Sullivan v. Stroop,* 496 U.S. 478, 482, 110 S.Ct. 2499, 110 L.Ed.2d 438 (1990).

The language of the EAJA statute is plain and unambiguous for the purposes of this appeal. A party seeking an award of fees "shall" submit an application including each of the four requirements enumerated, within the thirty-day time limit. 28 U.S.C. § 2412(d)(1)(B) (1994). The same mandatory language ("shall") is used with respect to the thirty-day time limit as with the other four requirements, and all four are stated as parts of the necessary application.

This court and five other U.S. Courts of Appeals have characterized the thirty-day time limit for submitting a fee application under the EAJA as jurisdictional in nature. *See Bazalo,* 150 F.3d at 1383; *J.M.T. Mach. Co. v. United States,* 826 F.2d 1042, 1047 (Fed.Cir.1987). *See also Yang v. Shalala,* 22 F.3d 213, 215 n. 4 (9th Cir.1994); *Newsome v. Shalala,* 8 F.3d 775, 777 (11th Cir.1993); *Damato v. Sullivan,* 945 F.2d 982, 986 (7th Cir.1991); *Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991); *Peters v. Sec'y of HHS,* 934 F.2d 693, 694 (6th Cir.1991).

The issue in this appeal is whether the other four requirements enumerated in the EAJA statute are likewise jurisdictional. This issue was addressed in a number of cases decided by other Courts of Appeals and by this court in *Bazalo.* The Third

Circuit in *Dunn* found that a failure to itemize the amount sought under the EAJA may be corrected after the thirty-day time limit if no prejudice to the Government arises. *Dunn v. United States*, 775 F.2d 99, 103 (3d Cir.1985). In a class action suit against several federal agencies involving radiation contamination by a uranium processing site, Dunn and the other named plaintiffs submitted an EAJA application that made the proper allegations that plaintiffs were prevailing parties and were eligible to receive a fee award, and that the position of the United States was not substantially justified. *Id.* at 100–01. However, the application failed to state the amount sought or to include an itemized statement of the actual time expended and the rate at which the expenses were computed. *Id.* at 101. The court held that as long as the EAJA application was filed within the thirty-day time limit, the application may be supplemented or corrected after the thirty-day period, provided that the Government was not prejudiced by the defect. *Id.* at 104.

The majority opinion in *Dunn* in effect cleaved § 2412(d)(1)(B) into two distinct components: a filing deadline and a standard for pleading:

> Requiring the filing of a fee claim (or any other) with the court ... serves the purpose of establishing a means certain for proving compliance with a time bar. Such certainty is required in most situations in the interest of finality and reliance. But once the claim is filed, whether or not it is as complete as it should be, the interests of proof of timeliness and of finality and reliance have been satisfied. What remains is the fleshing out of the details ...

*Dunn*, 775 F.2d at 103–04.

The 11th Circuit in *Singleton* adopted the reasoning of *Dunn* and likewise found that an EAJA application may be supplemented after the thirty-day time limit to satisfy the requirements regarding net worth and the Government's position being "not substantially justified." *Singleton*, 231 F.3d at 858. The class action plaintiffs in *Singleton* challenged a policy of the Social Security Administration ("SSA") involving payment of retroactive disability benefits in "random" fashion, resulting in the loss of Medicaid benefits for plaintiffs in certain states. *Id.* at 854. After the SSA reversed its policy and the court remanded for a determination of retroactive benefits due, the plaintiffs filed an application under the EAJA which arguably failed to allege that the plaintiffs met the net worth requirement and that the United States position in the district court was not substantially justified. *Id.* at 855, 857. The court found that a timely EAJA fee application may be supplemented to meet the requirements of § 2412(d)(1)(B), but that district courts may "order rapid completion of the application or outright deny a request to supplement if the government would be prejudiced." *Id.* at 858. The court in *Singleton* stated:

> While it appears clear from the legislative history that Congress intended the filing requirement to be jurisdictional, it is far from apparent that Congress intended that "strict compliance with the pleading requirement[s] must be accomplished within the same time as filing."

*Singleton*, 231 F.3d at 858 (quoting *Dunn*, 775 F.2d at 103).

Both *Singleton* and *Dunn* venture beyond the plain language of the EAJA statute to consider underlying interests in finality and reliance as well as the legislative history. *See Singleton*, 231 F.3d at 858; *Dunn*, 775 F.2d at 103–04. However persuasive these secondary tools might be, they cannot justify disregarding the plain language of the statute.

The plain language of the EAJA statute requires that an application not

only be filed by the thirty-day deadline, but that the application contain averments addressing each of the four other requirements enumerated in the statute. 28 U.S.C. § 2412(d)(1)(B) (1994). Use in the statute of the same mandatory language with respect to the thirty-day deadline and each of the four enumerated application requirements indicates that all of the requirements must be addressed, if not satisfied, within thirty days in order for a court to assert jurisdiction. While the statute requires that the application address each of the requirements of the EAJA within the thirty-day period, the statutory language does not mandate strict compliance or foreclose supplementation where the details of the stated jurisdictional averments remain to be fleshed out or corrected. When the application completely fails to address one of the four statutory requirements by the thirty-day deadline, however, more than a "fleshing out of the details" remains and the application will be jurisdictionally defective.

Our precedent in *Bazalo* reflects the plain language of the EAJA discussed above. In *Bazalo,* we held that the applicant satisfied the jurisdictional eligibility requirement by asserting he was a prevailing "party" entitled to an award in his EAJA application. 150 F.3d at 1383. Because his initial application satisfied the jurisdictional eligibility requirement, as well as all of the other jurisdictional requirements, this court gave Bazalo some latitude to supplement his application to flesh out the missing details of his net worth. *Id.* at 1383–84. Citing *Dunn,* the opinion in *Bazalo* stated that "[w]e agree with the Third Circuit that while the time limitation should be strictly met, the content of the EAJA application should be accorded some flexibility." *Id.* at 1383.

In contrast to *Dunn* and *Singleton,* this court, in *Bazalo,* recognized that the EAJA statute contains "jurisdictional prerequisites*"* (plural). *Id.* at 1384 (emphasis added). We initially distinguished a "requirement" of the EAJA from a "jurisdictional prerequisite," and quoted *Dunn*'s explication of the finality and reliance justifications for making such a distinction. *Id.* at 1383. However, we stopped short of adopting the holding of *Dunn,* instead both recognizing and analyzing as "jurisdictional requirements" and "jurisdictional prerequisites" each of the provisions of the fee application specified by the plain language of the EAJA and at the same time according fee applicants some latitude to provide details where a required averment may be less than fully explicated. *Id.* at 1383–84.

After enumerating the contents of Bazalo's EAJA application, including each of the four requirements of § 2412(d)(1)(B), we began our analysis by acknowledging that Bazalo had timely "met the *jurisdictional requirements* of the EAJA statute" and concluded by reiterating "that Bazalo's application for attorney fees and expenses met the *jurisdictional prerequisites* of the EAJA statute." *Id.* at 1383–84 (emphasis added). The requirements of the EAJA statute were recognized to include a showing that the applicant was a prevailing party, a showing that the applicant was eligible for an award, an allegation that the position of the United States was not substantially justified, and an itemized statement of the fees sought. *Id.* at 1383–84. The eligibility requirement, the details of which were initially lacking, was both identified as a "jurisdictional requirement" and found to have been met by Bazalo in his initial application. *Id.* What was left was simply a fleshing out of the details of his net worth.

In the present case, Scarborough's initial EAJA application was not merely in need of the "fleshing out of the details" as in *Bazalo,* but was entirely devoid of the required allegation that the Government's position was "not substantially justified."

While Scarborough sought to add the missing averment to his EAJA application in an amendment, he failed to remedy the jurisdictional defect before the expiration of the thirty-day deadline. Because Scarborough's initial application failed to comply with the statute, and his amendment was not timely in correcting the omission, the Court of Veterans Claims correctly determined that it was without jurisdiction to consider his application.

### CONCLUSION

Because the Court of Veterans Claims lacked jurisdiction over Scarborough's EAJA application, we affirm.

*AFFIRMED*

COSTS

No costs.