# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-368

W.T. Sumner,                                                    Appellant,

   v.

Anthony J. Principi,
Secretary of Veterans Affairs,                                 Appellee.

Before KRAMER, *Chief Judge*, and FARLEY,
HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges*.

## O R D E R

In a November 6, 2001, en banc opinion, the Court denied the appellant's application for an award of attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), because the appellant is not a prevailing party under the EAJA. *Sumner v. Principi*, 15 Vet.App. 256, 264-65 (2001) (en banc). On November 27, 2001, the appellant filed, through counsel, Clayte Binion, Esq., a timely motion for en banc reconsideration. Prior to any action by this Court on his motion for reconsideration, the appellant, on December 27, 2001, filed, through a different counsel, Kenneth Carpenter, Esq., a Notice of Appeal (NOA) to the United States Court of Appeals for the Federal Circuit (Federal Circuit).

The appellant's filing of an NOA to the Federal Circuit divests this Court of all jurisdiction over this case. *See In re Bailey*, 11 Vet.App. 348, 349 (1998) (per curiam order) (holding that filing of NOA to Federal Circuit divests this Court of jurisdiction over respondent's motion for stay of this Court's disciplinary order); *Villamor v. West*, 11 Vet.App. 193 (1998) (en banc order) (same as to motion pending here for full Court review of single-judge decision); *Cerullo v. Derwinski*, 1 Vet.App. 195, 196 (1991) (stating that legal precedent is clear that filing of NOA confers plenary jurisdiction upon appellate court). The Court thus lacks jurisdiction to review the appellant's November 2001 motion for en banc reconsideration.

On consideration of the foregoing, it is

ORDERED that the appellant's motion for en banc reconsideration is dismissed for lack of jurisdiction.

DATED:        January 22, 2002                          PER CURIAM.

KRAMER, *Chief Judge*, with whom HOLDAWAY and STEINBERG, *Judges,* join, concurring: We concur in the dismissal for lack of jurisdiction of the appellant's motion for en banc

reconsideration. We write separately, however, to explain why we would have voted to deny that motion if the Court had not been divested of jurisdiction over it.

Initially, we note that, in the underlying appeal in this case, the appellant had received a remand pursuant to *Cerullo v. Derwinski*, 1 Vet.App. 195 (1991). *Sumner v. Principi*, 15 Vet.App. 256, 257 (2001) (en banc). In denying the appellant's application for an award of attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), the Court concluded, with respect to the merits theory for attaining prevailing-party status under the EAJA, that "those Supreme Court cases awarding prevailing-party status either require the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or, at a minimum, a court remand predicated upon administrative error." *Id.* at 264 (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 121 S. Ct. 1835, 1840-42 (2001), and *Shalala v. Schaefer*, 509 U.S. 292, 302-04 (1993)). The Court held that the appellant had not attained prevailing-party status because the remand in the underlying appeal in this case was not a Court remand predicated upon administrative error. *Id.* at 265. In the appellant's motion for reconsideration, he argues, inter alia, that because, subsequent to this Court's *Cerullo* remand of his claim, a VA regional office (RO) awarded him service connection and a 10% disability rating, such a post-Court remand decision by the RO resulted in the "'ultimate receipt of a benefit that was sought in bringing the litigation'" and thus afforded him prevailing-party status. Motion at 3 (quoting *Sumner*, 15 Vet.App. at 264).

Nowhere in his motion does the appellant attempt to refute this Court's holding in *Sumner* regarding the limitations to attaining prevailing-party status imposed by the Supreme Court. Moreover, contrary to the appellant's assertions, an appellant in this Court may attain prevailing-party status based upon the "ultimate receipt of a benefit that was sought in bringing the litigation," *Sumner*, 15 Vet.App. at 264, only if the Court awards the appellant a benefit(s) in the underlying merits decision or through termination proceedings pursuant to this Court's Rules of Practice and Procedure. *See* U.S. VET. APP. R. 42; *Buckhannon*, 121 S. Ct. at 1840 (noting necessity for "judicial imprimatur on the change" or "judicially sanctioned change in the legal relationship of the parties" before prevailing-party status can be attained). Neither of those circumstances is present in the instant case, and thus the appellant is not a prevailing party. Indeed, in the underlying appeal, the Court remanded the case to permit the Board of Veterans' Appeals (Board or BVA) to carry out the reconsideration that the Board Chairman had indicated that the BVA would provide; the appellant left this Court without any Court award of a benefit and without any Court determination of Board error.

Moreover, we note that after the *Sumner* opinion was issued by this Court, the United States Court of Appeals for the Federal Circuit issued its opinion in *Scarborough v. Principi*, 273 F.3d 1087, 1092 (Fed. Cir. 2001), in which it held that an appellant must show prevailing-party status within the 30-day EAJA jurisdictional filing period, 28 U.S.C. § 2412(d)(1)(B). In the instant case, the RO award of service connection occurred more than 14 months after that 30-day period had expired. Thus, even assuming, contrary to the preceding paragraph, that the "ultimate receipt of a benefit," *Sumner*, 15 Vet.App. at 264, need not be awarded by the Court, it would have been

impossible for the appellant in the instant case to have shown such receipt prior to the expiration of that 30-day period. *See Scarborough*, 273 F.3d at 1090 (EAJA applicant "shall" submit application "showing [inter alia] that the applicant is a 'prevailing party'").

For the foregoing reasons, we would have voted to deny the appellant's motion for en banc reconsideration.