**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ZLATKO HRISTOV,
*Defendant-Appellant.*

No. 03-10179

D.C. No.
CR-02-00012-1-
RLH

OPINION

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted
Submitted December 9, 2004*
San Francisco, California

Filed January 27, 2005

Before: Dorothy W. Nelson, Andrew J. Kleinfeld, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge D.W. Nelson

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Nicolette Glazer, Law Offices of Larry R. Glazer, Century City, California, for the appellant.

Roger W. Wenthe, Assistant United States Attorney, Las Vegas, Nevada, for the appellee.

## OPINION

D.W. NELSON, Circuit Judge:

We answer today a question of law presented for the first time in this Circuit: May a timely-filed motion for attorney's fees under the Hyde Amendment, Pub. L. No. 105-119, Title VI, § 617, 111 Stat. 2440, 2159, codified at 18 U.S.C. § 3006A, Statutory Notes, be amended outside the statutory deadline for filing such a motion, to include required information that was omitted from the motion when initially filed? We hold that a motion under the Hyde Amendment may be amended under the "relation-back" doctrine.[1]

### DISCUSSION

Appellant Zlatko Hristov was prosecuted for marriage fraud in violation of United States law, and was acquitted on all charges by a jury. After acquittal, he filed a motion for attorney's fees under the Hyde Amendment, but he omitted two required pieces of information: an allegation that his net worth was less than $2 million, and an itemized statement of attorney's fees. The district court denied Hristov's motion in a brief order on the merits of the claim, and denied as moot Hristov's request to amend his motion with the missing information.[2] Hristov timely appealed. The government, noting that Hristov's original application was incomplete, urges that the failure to file a motion with all of the required information

---

[1]This Circuit has determined that motions for attorney's fees under the Hyde Amendment are civil, not criminal matters. *United States v. Braunstein*, 281 F.3d 982, 992-93 (9th Cir. 2002).

[2]We affirm the district court's denial on the merits in a separately filed memorandum disposition.

within the thirty-day statutory deadline should be a complete bar to a Hyde Amendment attorney's fees motion. We disagree.

**[1]** The Hyde Amendment was enacted to provide defendants who have been wrongfully prosecuted a means "to sanction the Government for 'prosecutorial misconduct.' " *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1182 (9th Cir. 2003). It provides, in relevant part:

> [T]he court, in any criminal case . . . may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

18 U.S.C. § 3006A, Statutory Notes.[3] The law specifically incorporates the filing requirements of the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The EAJA requires, in relevant part, that an applicant for attorney's fees submit within thirty days of final judgment an application for fees "which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). "Party" is subsequently defined as "an individual whose net worth did not

---

[3]We review statutory interpretations of the Hyde Amendment de novo. *Zambrano v. INS*, 282 F.3d 1145, 1149 (9th Cir.), *amended by* 302 F.3d 909 (9th Cir. 2002) (reviewing de novo a district court's statutory interpretation of the Equal Access to Justice Act).

exceed $2,000,000 at the time the civil action was filed." *Id.* at § 2412(d)(2)(B). Hristov did not submit a statement that his net worth was under $2,000,000, and submitted only a very basic summary of his attorney's fees.[4]

**[2]** The Supreme Court recently ruled on a related issue, while reserving specifically the question presented here. *See Scarborough v. Principi*, ___ U.S. ___, 124 S. Ct. 1856, 1861, 1869 n.7 (2004). The Court ruled that an EAJA attorney's fees application could be amended by "relation back" to include an omitted allegation that the government's position was not substantially justified, but specifically stated that it offered "no view on the applicability of 'relation back' " in cases where an applicant failed to meet other application requirements of the EAJA. *Id.* at 1867-68, 1869 n.7. Permitting parties to amend deficient fee applications, the Court reasoned, would advance Congress's purpose in enacting the EAJA to allow parties to challenge unjust governmental action without fear of the cost of litigation. *Id.* at 1867 (quoting H.R. Rep. 96-1005, at 7). Furthermore, relation back would not prejudice the government, because "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.' " *Id.* Congress's waiver of sovereign immunity is not unduly broadened by permitting amendment, because "[o]nce Congress waives sovereign immunity," equitable civil procedure rules, such as relation back or equitable tolling, "should generally apply to the Government 'in the same way that' they apply to private parties." *Id.* at 1869 (quoting *Franconia Assocs. v. United States*, 536 U.S. 129, 145 (2002) (quoting *Irwin v. Dep't of*

---

[4]The attorney's fees statement that Hristov submitted might be sufficient under the EAJA, because it contained the number of hours worked and the rate at which they were calculated. We do not determine whether or not the fee statement Hristov submitted was sufficient as a matter of law. For our purposes, this is not relevant, since we hold that the fee statement could be amended after the initial filing to provide the more specific details sought by the government.

*Veterans Affairs*, 498 U.S. 89, 95 (1990))). Though it does not address the specific issue that concerns us here, *Scarborough* guides us by providing that the relation back doctrine permits amendment of a deficient EAJA motion as long as doing so would not prejudice the government, without overly broadening Congress's waiver of sovereign immunity.

**[3]** This circuit has, in the EAJA context, permitted a party to amend a timely filed affidavit that contained only a portion of the information required to establish that a non-profit organization was "an eligible party," but we have not addressed this issue in the context of a Hyde Amendment motion that completely lacks a required assertion. *See Thomas v. Peterson*, 841 F.2d 332, 337 (9th Cir. 1988). Other circuits have more squarely addressed the issue of both Hyde Amendment and EAJA applications filed without required elements, and have held that amendment of such a motion is permissible even when the required elements are completely missing, as was Hristov's statement of net worth. *See United States v. True*, 250 F.3d 410, 421 (6th Cir. 2001) (holding that a failure to timely file statement of net worth is not fatally deficient in Hyde Amendment case); *Singleton v. Apfel*, 231 F.3d 853, 858 (11th Cir. 2000) (permitting amendment of EAJA fee motion to include net worth statement and "substantially justified" language); *Bazalo v. West*, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998) (holding that a failure to file statement of net worth does not render EAJA application deficient); *Dunn v. United States*, 775 F.2d 99, 103-104 (3d Cir. 1985) (permitting, under EAJA, amendment of attorney's fees statement lacking amount sought after thirty-day period elapses).

**[4]** In *True*, the Sixth Circuit considered a nearly identical situation to the one presented to us here: a criminal defendant failed to allege his net worth and provide an itemized statement of attorney's fees in his Hyde Amendment application. 250 F.3d at 419. The court's analysis reflects the same principles grounding the Supreme Court's opinion in *Scarborough*: that the government is not prejudiced by an amended claim

because it has been put on notice in a timely manner that fees have been sought; and that permitting relation back does not constitute an undue broadening of sovereign immunity, while denying relation back would narrow that waiver unnecessarily. *Id.* at 420-421. Given the Supreme Court's recent reiteration of these principles in the EAJA context,[5] we believe that the Sixth Circuit's approach strikes the most appropriate balance between fairness to the parties and accomplishing Congress's objectives in enacting the Hyde Amendment.

[5] We note that relation back is permitted under the Federal Rules of Civil Procedure only when so doing will not prejudice the opposing party's ability to mount a defense on the merits. Fed. R. Civ. P. 15(c). As the Court noted in *Scarborough*, once Congress has waived sovereign immunity, parties litigating against the government should be given the same lenient treatment — if they deserve it — that they would be given if litigating against a private party. 124 S. Ct. at 1869-70. This includes, of course, considering the prejudice that would befall the government if an opposing party that doesn't follow the rules is allowed to amend its pleadings. *Id.* at 1870. When the government can show no prejudice from allowing an amendment to a fees application, it is unduly harsh not to allow an amendment to bring the application in

---

[5]*Scarborough*, as the government correctly notes, distinguishes in one paragraph the elements that a party must "show," which include net worth and an attorney's fees statement, and the allegation at issue in that case, that the government's position was not "substantially justified." 124 S. Ct. at 1865. However, the opinion clearly states that it does not address whether relation back applies to a motion lacking the required "show-[ings]." *Id.* at 1869 n.7. The government argues that the Court intended to make "mandatory" those elements that a party must "show" under § 2412(d)(1)(B), analogous to the party name required in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988). *Torres* addressed the failure to *name a party* in a notice of appeal, not the failure to make a fairly technical assertion, and was premised on the fact that not naming a party provides inadequate notice to the court and parties of the identity of the party appealing. *Id.* at 316-17. Notice in this case is satisfied by Hristov's motion, though it may lack certain required assertions.

conformity with a technical pleading requirement. The government was on notice of Hristov's intent to seek attorney's fees once he timely filed his motion, and was aware that it would have the opportunity to dispute his eligibility for such an award on any ground, just as it could dispute the quantity of fees he requested.

**[6]** To boot Hristov from court for failure to comply with a technical requirement of an application would be equivalent to an insistence on a technical form of pleading, a practice disfavored under the Federal Rules of Civil Procedure. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002). The Supreme Court has specifically cautioned against such a narrow approach: "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Indeed, by not establishing that Hristov's net worth was less than $2,000,000, Hristov's counsel made a misstep — but the misstep should not be a fatal one.

**AFFIRMED.**