[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11000
Non-Argument Calendar
_____

D.C. Docket No. 7:19-cv-00083-HL


DOERUN MUNICIPAL COURT INC,

                                                   Plaintiff - Appellee,

                        versus

TZEDKIYAH EL BEY,

                                                   Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 30, 2020)

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Tzedkiyah EL Bey,[1] a defendant proceeding *pro se*, appeals the *sua sponte* order remanding his action, arising out of a traffic citation by a Doerun police officer, to Doerun Municipal Court.

In 2017, Tzedkiyah EL Bey was issued traffic citations by the Doerun Police Department.  When Bey failed to appear before the court on his trial date, his driver's license was suspended pursuant to O.C.G.A. §17-6-11. Once detained in Albany, Georgia, Bey paid $332.00 to be released.

Concerning these events, Bey filed in federal district court a document he entitled "Notice of Removal," which included, among other items, a complaint that the district court construed as attempting to bring a claim under 42 U.S.C. § 1983. The district court dismissed the claim as barred and remanded the matter to state court for lack of removal jurisdiction under 28 U.S.C. § 1443(1).

On appeal, Bey argues that remand was improper and claims that the district court had removal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

We review removal jurisdiction *de novo*.  *See Singleton v. Apfel*, 231 F.3d 853, 856 (11th Cir. 2000).  Ordinarily, we lack jurisdiction to review an order remanding a case to state court for lack of subject-matter jurisdiction.  *See* 28 U.S.C. 1447(c), (d); *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007).  For that reason, we do not consider Bey's claims that the district court erred in not

---

[1] We spell Bey's name with the same capitalization he uses.

2

finding subject-matter jurisdiction under §§ 1331 and 1332. But we can review orders remanding cases that were removed pursuant to 28 U.S.C. § 1443 to determine if removal was proper. *See* 28 U.S.C. §§ 1443, 1447(c), (d); *Alabama v. Conley*, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001).

Generally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Under 18 U.S.C. § 1443, a criminal defendant may remove an action to federal court if it is brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. 1443(1).

A removal petition filed pursuant to § 1443 must satisfy the two-prong test developed in *Georgia v. Rachel*, 384 U.S. 780, 792, 794 (1966). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 792). These rights do not include rights that are of "general application available to all persons or citizens" such as the Equal Protection Clause or 42 U.S.C. § 1983. *Id.* at 1295-96 (citing *Rachel*, 384 U.S. at 792). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (citing *Rachel*, 384 U.S. at 794). The second prong

3

generally requires that the denial of the defendant's civil rights be "manifest in a formal expression of state law." *Rachel*, 384 U.S. at 803. It is not enough for the defendant "to allege or show that the defendant's federal equal rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966).

Here, Bey fails the first prong of *Rachel*'s two-prong test. Even when liberally construed, Bey's filing did not assert that the Doerun Municipal Court proceedings would violate a federal law providing for specific civil rights stated in terms of racial equality. *See Conley*, 245 F.3d at 1295. Rather, Bey alleged only violations of "broad constitutional guarantee[s] of general application." *Rachel* 384, U.S. at 792. And under *Rachel*, that will not do. Therefore, 28 U.S.C. § 1443 did not authorize removal in this case. *See* 384 U.S. at 792-794.

For these reasons, the district court did not err in remanding Bey's case to Doerun Municipal Court.

**AFFIRMED.**