IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
October 28, 2024

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KEITH JOHNSON,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-443**   (Cir. Ct. of Kanawha Cnty. Case No. 22-C-228)

**UNITED BANK, INC., and ASTORG AUTO**
**OF CHARLESTON, INC.,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioner Keith Johnson appeals three orders entered by the Circuit Court of Kanawha County. The first order entered December 13, 2022, denied Mr. Johnson's motion to compel arbitration. The second order entered September 5, 2023, imposed discovery sanctions against Mr. Johnson. The third order also entered September 5, 2023, in conjunction with the sanctions order, granted a default judgment in favor of Respondents, United Bank, Inc. ("United") and Astorg Auto of Charleston, Inc. ("Astorg") against Mr. Johnson in the amounts of $36,454.15 and $3,855.41, respectively. United and Astorg filed a joint response.[1] Mr. Johnson filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, disposition in a memorandum decision affirming the circuit court's order is appropriate under Rule 21(c) of the West Virginia Rules of Appellate Procedure.

On August 13, 2021, Mr. Johnson executed a contract and security agreement for the purchase of a 2021 Audi Q7 from Astorg. United provided financing for the vehicle's purchase and the contract was assigned from Astorg to United. Mr. Johnson agreed to make monthly payments to United and United retained a security interest in the vehicle.

Mr. Johnson failed to make any of the agreed upon payments.[2] United and Astorg filed separate lawsuits against Mr. Johnson on March 25, 2022, in the Circuit Court of

---

[1] On appeal, Mr. Johnson is self-represented. United and Astorg are represented by Bryan N. Price, Esq.

[2] After the contract was signed but before the first payment was due, United informed Astorg that it required proof of residency from Mr. Johnson before it would

Kanawha County. United's lawsuit, docketed under case number 22-C-228, sought amounts due under the contract and possession of the vehicle. Astorg's lawsuit, docketed under case number 22-C-229, sought reimbursement for a payment it made to United on behalf of Mr. Johnson. The two cases were consolidated by order entered August 23, 2022, under case number 22-C-228.

Mr. Johnson filed responsive pleadings and other documents in the consolidated action, including a motion to compel arbitration. Counsel for United and Astorg noticed the deposition of Mr. Johnson for December 14, 2022. On December 5, 2022, Mr. Johnson filed a motion to quash the taking of his deposition and a supplemental motion to compel arbitration. The circuit court overruled Mr. Johnson's objection to the taking of his deposition and denied his motion to compel arbitration by order entered December 13, 2022.

United and Astorg attempted several times over the next six months to secure Mr. Johnson's deposition but were unsuccessful. United and Astorg then filed a motion to compel Mr. Johnson to submit to his deposition. The motion was scheduled for hearing on August 1, 2023. Counsel for United and Astorg appeared at the hearing, but Mr. Johnson failed to appear. At the hearing, the circuit court granted United's and Astorg's motion to compel, awarded sanctions against Mr. Johnson and granted judgment in favor of United and Astorg. Mr. Johnson filed his notice of appeal in this Court on October 3, 2023, attaching the two September 5, 2023, orders and the previous December 13, 2022, order denying his motion to compel arbitration.

At the outset, we find that Mr. Johnson's brief does not comply with the requirements of Rule 10 of the West Virginia Rules of Appellate Procedure because it fails to present an argument clearly exhibiting the points of fact and law presented with specific references to the record on appeal. Instead, Mr. Johnson relies on an assortment of inapplicable legal concepts supported by citations to irrelevant United States Supreme Court cases. As we have observed previously, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's, Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal)). However, as has been our past practice, we will be mindful that "[w]hen a litigant chooses to represent himself, it is the duty of the [court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party." *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986). Accordingly, we will address only the issues that we can reasonably determine comprise the substance of

---

accept assignment of the contract. Mr. Johnson provided residency proof but not until the first payment was due. United required receipt of the first payment before accepting assignment of the contract, so Astorg made the first payment to United.

Mr. Johnson's appeal. Upon review, we conclude the issues presented are whether the circuit court erred by denying Mr. Johnson's motion to compel arbitration and whether the circuit court erred by imposing discovery sanctions.

Mr. Johnson first argues that the circuit court erroneously denied his motion to compel arbitration in its December 13, 2022, order. United and Astorg correctly note that "[a]n order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine." Syl. Pt. 1, *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 745 S.E.2d 556 (2013). Accordingly, they contend that this order is unreviewable for two reasons: 1) this Court lacks jurisdiction over appeals of interlocutory orders; and 2) Mr. Johnson's appeal of this order was untimely. We reject both arguments.

United and Astorg cite no authority for the proposition that orders subject to appeal under the collateral order doctrine cannot be later appealed through the final judgment. Federal courts have rejected such a rule, finding that "[t]he collateral order doctrine is permissive, not mandatory." *Singleton v. Apfel*, 231 F.3d 853, 856 (11th Cir. 2000); 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3911 (3d ed. 2024) (collecting cases). As the Supreme Court of Appeals of West Virginia explicitly relied on federal caselaw in defining the collateral order doctrine, we find no reason to depart from that interpretation. *See Robinson v. Pack*, 223 W. Va. 828, 832, 679 S.E.2d 660, 664 (2009) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)). Moreover, this permissive approach is consistent with West Virginia practice on other types of orders that are appealable prior to the entry of final judgment. *See Hubbard v. State Farm Indem. Co.*, 213 W. Va. 542, 550-51, 584 S.E.2d 176, 184-85 (2003) (explaining that a party can immediately appeal an order that approximates a final order in nature and effect but is not required to do so).[3]

Here, Mr. Johnson does not appeal the December 13, 2022, order under the collateral order doctrine. Instead, he appeals it as part of his timely appeal of the September 5, 2023, final order granting default judgment. Therefore, this is not an interlocutory appeal, nor was Mr. Johnson's appeal untimely.

---

[3] In one instance, the Supreme Court of Appeals found that the failure to seek immediate review of an order denying a motion to compel arbitration waived the party's right to appeal that order later. *See Dan Ryan Builders, Inc. v. Williams*, No. 18-0579, 2020 WL 6538832, at *6 (W. Va. Nov. 6, 2020) (memorandum decision). However, the Supreme Court relied on the fact that the circuit court specifically provided the parties with the opportunity to certify questions to the Supreme Court of Appeals, and the affected party declined to seek review on the arbitration issue. *See id.* Given those circumstances, we find *Dan Ryan Builders, Inc.* to be distinguishable.

The circuit court denied Mr. Johnson's motion to compel arbitration, finding that he failed to produce a valid arbitration agreement between the parties. When evaluating a motion to compel arbitration "the authority of the trial court is limited to determining the threshold issues of (1) whether a valid arbitration agreement exists between the parties; and (2) whether the claims averred by the plaintiff fall within the substantive scope of that arbitration agreement." Syl. Pt. 2, *State ex rel. AMFM, LLC v. King*, 230 W. Va. 471, 740 S.E.2d 66 (2013) (citing Syl. Pt. 4, *Ruckdeschel v. Falcon Drilling Co., L.L.C.*, 225 W. Va. 450, 693 S.E.2d 815 (2010)).

This case turns on the first issue—validity. Upon our review of the record, we find that the contract and security agreement does not contain an arbitration provision. Mr. Johnson produced a document titled "Multi-Coverage Protection Vehicle Service Contract," arguing that its arbitration provision supported his arbitration demand. However, neither United nor Astorg are parties to the alleged multi-coverage protection vehicle service contract, and importantly, it is not signed by any party. Mr. Johnson also provides no explanation of how the unsigned document relates to the claims United and Astorg assert to enforce obligations under the contract and security agreement. We therefore find that no enforceable arbitration agreement exists between the parties and the circuit court correctly denied his motion to compel arbitration.

Mr. Johnson next argues that the circuit court denied him a fair and just legal process when it imposed discovery sanctions and awarded judgment in favor of United and Astorg. "The imposition of sanctions by a circuit court under [W. Va. R. Civ. 37(d)] is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." Syl. Pt. 2, *Cattrell Companies, Inc. v. Carlton, Inc.,* 217 W. Va. 1, 614 S.E.2d 1 (2005). The circuit court imposed the following sanctions pursuant to Rules 37(d) and 37(b)(2) of the West Virginia Rules of Civil Procedure: (1) an award of attorneys' fees, costs, and expenses; (2) striking Mr. Johnson's pleadings; (3) prohibiting Mr. Johnson from supporting or opposing any alleged claims or defenses; and (4) awarding a default judgment against Mr. Johnson.

Based on our review of the record, the discovery sanctions imposed by the circuit court are supported by numerous factual findings. Mr. Johnson failed to respond to several written requests to schedule his deposition from counsel for United and Astorg. He also failed to appear for three properly noticed depositions. On one occasion, Mr. Johnson failed to appear without providing any notice to counsel for United and Astorg. On another occasion, he notified counsel for United and Astorg the day prior to the deposition that he was unable to appear but agreed to a new date. Mr. Johnson then failed to appear on the new date claiming to be out of town. Counsel for United and Astorg was not informed of his unavailability until hours after the deposition was scheduled to begin. The circuit court then concluded that Mr. Johnson was willfully uncooperative, that his conduct caused unnecessary delay in the proceedings, caused United and Astorg to unnecessarily incur

attorneys' fees, court reporter fees, videographer fees and other expenses and was disrespectful to the court.

We find no abuse of discretion by the circuit court in its factual findings or with the imposition of discovery sanctions. The circuit court's final judgment order and ultimate disposition are reviewed "under an abuse of discretion standard...." Syl. Pt. 6, *In re Donald M.,* 233 W. Va. 416, 758 S.E.2d 769 (2014) (citing Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)). The judgment order was entered based on the circuit court's direction in the sanctions order. For the same reasons we found no abuse of discretion with the imposition of discovery sanctions, we find no abuse of discretion with entry of the judgment order or with the ultimate disposition of the case.

Accordingly, we affirm the orders entered December 13, 2022, and September 5, 2023.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

5